Dear Ms. Brumberger:
Your request for an opinion has been referred to this office for response.
Your first inquiry is how long must the LSU College of Education maintain records dealing with the identification and placement of handicapped and exceptional children in the state public school system. We understand that the program you are referring to is either partially or fully funded by federal monies and therefore is subject to federal as well as state law.
 The United States Code at 20 U.S.C. 1232C provides that:
 (a)(1) Each recipient of Federal funds under any applicable program through any grant, subgrant, contract, subcontract, loan, or other arrangement entered into (other than by formal advertising) shall keep such records as the Assistant Secretary shall prescribe, including records which fully disclose the amount and disposition by such recipient of the proceeds of such assistance, the total cost of the project or undertaking in connection with which such funds are given or used, the amount of that portion of the cost of the project or undertaking supplied by other source, and such other records as will facilitate an effective audit.
 (2) The Secretary and the Comptroller General of the United States, or any of their duly authorized representatives, shall, until the expiration of five years after the completion of the project or undertaking to which reference is made in paragraph (1), have access, for the purpose of audit and examination, to any books, documents, papers and records of such recipients which, . . . may be related, or pertinent to, the grants, subgrants, contracts, subcontracts, loans, or other arrangements to which reference is made in paragraph (1). [Emphasis supplied]
It is therefore the opinion of this office that the LSU College of Education may destroy these records five years after the completion of any project or undertaking using federal funds as per 20 U.S.C. 1232
(c).
Your next question is what type of materials must be kept and what may be destroyed. Apparently any type of material and or records may be destroyed after the above mentioned five year period if the parents of the student whose records are to be destroyed are notified of the impending destruction.
42 Fed. Reg. 121A. 573 specifically provides
 (a) The public `agency shall inform parents when personally identifiable information collected, maintained, or used under this part is no longer needed to provide educational services to the child.
 (b) The information must be destroyed at the request of the parents. However, a permanent record of a student's name, address, and phone number, his or her grades, attendance records, classes attended, grade level completed, and year completed may be maintained without time limitation.
Other limitations on the destruction of these records are found at 41 Fed. Reg. 99.13:
 An educational agency or institution is not precluded by section 438 of the Act or this part from destroying education records, subject to the following exceptions:
 (a) The agency or institution may not destroy any education records if there is an outstanding request to inspect and review them under § 99.11;
 (b) Explanations placed in the education record under § 99.21 shall be maintained as provided in § 99.21 (d), and
 (c) The record of access required under § 99.32 shall be maintained for as long as the education record to which it pertains is maintained.
It appears from the Federal Regulations above cited that with the parental consent, the permanent record of a student's name, address, and phone number, his or her grades, attendance records, classes attended and years completed may be maintained indefinitely.
Your next question was whether or not the security control test protocol may be destroyed, and if not, whether they may be retained by the psychologist who compiled the protocol and for how long must that individual maintain the test protocol. The test protocol must be maintained for at least five years after completion of the particular undertaking involved. After that five year period they may be destroyed after the parents are informed that his personally identifiable information is no longer needed.
As to whether or not the testing psychologist may retain the security control test protocol records it is important to keep in mind that federal and state regulations charge each participating agency with responsibility to protect the confidentiality of personally identifiable information. 42 Fed. Reg. 121A. 572 specifically mandates that:
 Each participating agency shall protect the confidentiality of personally identifiable information at collection, storage, disclosure, and destruction stages.
This federal regulation should be read together with Act 754Regulations approved by the State Board of Elementary and Secondary Education on September 20, 1978. These regulations at Section 473.14 specify that:
 Information contained in the ISP or individual evaluation must not be available to the public and must be available to the professional in need of such information in connection with the responsibilities established by this regulation consistent with the requirements of this subpart and existing federal and state laws governing such information.
Subpart N of Section 473 specifies that "The provisions of this subpart expressly extend to any record or other information collected and maintained by any agency, organization or person in connection with an individual evaluation." Consequently, although the psychologist must have access to personally identifiable information on the student he is evaluating the agency charged with compiling and maintaining these records is also charged with the responsibility of insuring their confidentiality. In order for the participating agency to guarantee the confidentiality of its records it must have control over those records. The participating state agency may be subject to sanctions and/or civil liability if a professional to whom it released permanent control of these records breaches their confidentiality. It is therefore the opinion of this office that it would be wise and prudent for the responsible state agency to maintain control over these sensitive records until their destruction.
Should you have any other questions or comments, please do not hesitate to call at your convenience.
Best wishes,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY Robert J. Caluda Staff Attorney